IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-00206-F-3
No. 5:16-CV-00852-F

| | |
|---|---|
| WILLIAM BRYAN HILL,<br>Petitioner, | )<br>)<br>) |
| v. | )    **ORDER** |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>) |

This matter is before the court on the Government's Motion to Dismiss [DE-331] William Bryan Hill's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-317, -319].[1] The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED and Hill's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On September 16, 2014, Hill was charged in one count of a thirteen-count indictment. *See* Indictment [DE-1]. In Count One, Hill was charged with conspiracy to manufacture, distribute, dispense, and possess with intent to distribute five hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). *See id.*

At Hill's arraignment, held on May 11, 2015, he pled guilty to Count One pursuant to a plea agreement [DE-192]. Hill's sentencing was held on November 3, 2015, and he was

---

[1] Hill's first attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-317], which was filed on October 14, 2016. On October 31, 2016, at the court's direction, Hill filed a "conforming" motion [DE-319].

sentenced to 137 months' imprisonment and a lifetime term of supervised release. *See* Judgment [DE-259]. Hill was ordered to pay $1,539.73 in restitution. *See id.* Hill did not file a direct appeal.

On October 14, 2016, Hill filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-317, -319]. In his § 2255 motion, Hill's sole claim is that his attorney provided ineffective assistance of counsel by failing to argue in favor of a minor role adjustment under Amendment 794 to the U.S. Sentencing Guidelines. On December 12, 2016, the Government filed a Motion to Dismiss [DE-331], arguing that dismissal is warranted because Hill has failed to state a claim upon which relief can be granted.

## II. Legal Standards

### A. 28 U.S.C. § 2255

Hill filed the instant motion pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). With a § 2255 motion, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). When deciding a § 2255 motion, the court need not hold a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). When conducting the § 2255(b) review, *pro se* filings are held to a less stringent standard. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.

2

1978).

## B. Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

### A. Hill has failed to state a claim of ineffective assistance of counsel.

Hill has raised one claim of ineffective assistance of counsel. Mot. Vacate [DE-319] at 4. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his

3

counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address Hill's ineffective assistance of counsel claim.

### 1. Hill alleges that his attorney provided ineffective assistance by failing to argue for a minor role adjustment under Amendment 794.

In his sole claim, Hill alleges that his attorney provided ineffective assistance of counsel by failing to argue for a minor role adjustment under Amendment 794 to the U.S. Sentencing Guidelines. Mot. Vacate [DE-319] at 4.

Amendment 794 to the U.S. Sentencing Guidelines amended the Commentary to U.S.S.G. § 3B1.2, which addresses a mitigating role in the offense.[2] *United States v. Donis-*

---

[2] The effective date of Amendment 794 was November 1, 2015. *See* U.S.S.G. app. C, amend. 794, at 118 (Supp. Nov. 1, 2015). Hill was sentenced on November 3, 2015, just two days later.

*Galan,* No. 15-11209, 2016 WL 1238205, at *2 n.2 (11th Cir. Mar. 30, 2016). Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether or not to apply a mitigating role adjustment.[3] *United States v. Gomez-Valle,* No. 15-41115, 2016 WL 3615688, at *4 (5th Cir. July 5, 2016). Amendment 794 provides that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.*

A review of the record reveals the following: Hill was involved in the methamphetamine conspiracy from March 2010 until his arrest by state authorities on December 21, 2013. PSR [DE-227] ¶ 63. Also, Hill purchased 128.4 grams of pseudoephedrine, the third most in the conspiracy of seven individuals. *Id.* ¶ 15. Hill was also a methamphetamine cook. *Id.* ¶ 14. In fact, Hill taught codefendant Michael Eugene Custer how to cook methamphetamine. *Id.* ¶ 50. In sum, Hill did not have a minor role.

In light of record, defense counsel's performance did not fall below an objective standard of reasonableness by failing to request a reduction based on a minor role. Moreover, Hill has not shown a reasonable probability that the reduction would have been allowed by the court if defense counsel had argued in favor of it. For these reasons, Hill has failed to state a claim for relief under both prongs of the *Strickland* standard.

---

[3] The factors are "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity"; and "(v) the degree to which the defendant stood to benefit from the criminal activity." *See* U.S.S.G. app. C, amend. 794, at 116 (Supp. Nov. 1, 2015).

5

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-331] is ALLOWED and Hill's Motion to Vacate [DE-317, -319] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, a petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the **23** day of January, 2017.

JAMES C. FOX
Senior United States District Judge